IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPHEN JEROME SCOTT,            )
AIS # 284406,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          CASE NO. 2:26-CV-352-WKW
                                 )                   [WO]
COMMISSIONER JOHN Q. HAMM,       )
*et al.*,                        )
                                 )
          Defendants.            )

## MEMORANDUM OPINION AND ORDER

### A.    Introduction

Plaintiff Stephen Jerome Scott, an inmate in the custody of the Alabama Department of Corrections (ADOC), initiated this 42 U.S.C. § 1983 action by filing a complaint (Doc. # 1), an application for leave to proceed *in forma pauperis* (Doc. # 2), and a Motion (Request) for an Emergency Injunction (Doc. # 3). Plaintiff's Motion (Request) for an Emergency Injunction will be analyzed as a motion for a temporary restraining order, or alternatively, as a motion for a preliminary injunction. Whether construed as a motion for a temporary restraining order or a motion for a preliminary injunction, the motion will be denied.

**B.      Motion for a Temporary Restraining Order**

A temporary restraining order is appropriate only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).  Additionally, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (2) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required.  Fed. R. Civ. P. 65 (b)(1).

Plaintiff has not made the certification required by Rule 65(b)(1)(B).  Plaintiff also has not shown at this stage that he will suffer immediate and irreparable injury before the adverse parties can be heard.  Because the motion for a temporary restraining order does not survive Rule 65(b)(1) scrutiny, it is not necessary to analyze the *Parker* elements.

2

**C.     Motion for a Preliminary Injunction**

The decision whether to grant a preliminary injunction is within the sound discretion of the court.  *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits of the complaint; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the injunction would not be adverse to the public interest.  *See id.*

Plaintiff has not met his burden of demonstrating the four prerequisites for a preliminary injunction.  Plaintiff's conclusory statement that his "§ 1983 civil action is likely to succeed and lead to a permanent injunction" is insufficient to demonstrate a substantial likelihood—or any likelihood—of success on the merits of his complaint.  Moreover, Plaintiff has not shown that irreparable injury will occur without an injunction.  He has not alleged any threat to his health or safety; rather, his chief complaint concerns legal mail processes at Bullock Correctional Facility. Furthermore, Plaintiff has not demonstrated that any threatened injury outweighs the potential harm to the nonmoving parties, and it is uncertain whether granting Plaintiff's requested injunction would align with the public interest.

3

**D.**     **Conclusion**

Based on the foregoing, it is ORDERED that Plaintiff's Motion (Request) for an Emergency Injunction (Doc. # 3), whether construed as a motion for a temporary restraining order or a preliminary injunction, is DENIED.

DONE this 7th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
